IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTIAN GILBERT TONY NADAL, <br><br> Plaintiff, <br><br> vs. <br><br> NAOMI TSUDA, FAA Counsel, <br> LIERRE GREEN, FAA Counsel, <br> THEODORE BYRNE, FAA Counsel, <br> STEVE ALLEN, FAA Safety Inspector, <br> JAMES FERGUSON, FAA Safety Inspector, <br> MARCELA FLEMING, FAA Ground <br>     Controller, <br> DAVID JOHNSON, FAA Vice President, <br>     Terminal Services, <br> PATRICK GERAGHTY, <br>     NTSB Administrative Law Judge, <br> MARION BLAKEY, [former] FAA <br>     Administrator, <br> FEDERAL AVIATION ADMINISTRATION <br>     (FAA), and <br> NATIONAL TRANSPORTATION SAFETY <br> BOARD (NTSB), <br><br> Defendants. | **REPORT & RECOMMENDATION** <br><br> Case No: 2:07-CV-338 TS <br><br> District Judge Ted Stewart <br><br> Magistrate Judge David Nuffer |

**A. Background.**

On May 22, 2007, Plaintiff Christian Nadal, acting pro se, filed this case asserting Federal

Tort Claims Act (FTCA) and *Bivens*[1] claims in connection with the suspension of his Airline

---

[1] See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Transport Pilot Certificate. All of the defendants appear to be federal employees or agencies.[2]
When it appeared that Nadal had failed to timely serve the defendants within the 120 days
prescribed by the federal rules,[3] the court issued an order to show cause why this case should not
be dismissed for failure to prosecute.[4] Nadal timely responded to the court's order, asserting that
he had served the defendants within the 120-day period, but they had refused to answer.[5] An
examination of Nadal's response and supporting documentation, however, revealed that his
attempt at service did not comply with Rule 4 of the Federal Rules of Civil Procedure, and was
therefore ineffective. Because it appeared that the defective service was curable, the court gave
Nadal additional time until April 30, 2008 to properly serve the defendants.[6]

In April 2008, Nadal again attempted to serve the defendants.[7] Subsequently, in July
2008, Nadal filed a Notice of Intent to File Motion for Default Judgment stating that he had
served the defendants, but they had refused to answer within the required time period.[8] It is
unclear whether Nadal intended this document as an actual motion for default judgment or
whether it merely expressed his intent to file such a motion in the future. In any event, fearing

---

[2] Nadal's complaint erroneously states that the *Bivens* claims are raised under 42 U.S.C. § 1983 which only applies to claims against defendants acting under color of state law.

[3] Fed. R. Civ. P. 4(m).

[4] Docket no. 3, filed October 18, 2007.

[5] Docket no. 5, filed October 25, 2007.

[6] Order, docket no. 8, filed March 29, 2008.

[7] See Notice to Court of Service, docket no. 9, filed April 29, 2008.

[8] Docket no. 10, filed July 1, 2008.

that the document might be construed as a motion for default judgment, the defendants filed a response in opposition to the entry of a default judgment.[9]

**B. Default judgment is inappropriate.**

First, Defendants argue, and the court agrees, that default judgment is not appropriate because Nadal still has not properly served the defendants with process. As noted, all of the defendants appear to be either federal agencies or employees of such agencies. To properly serve any federal agency or employee, a plaintiff must serve a copy of the summons and complaint on the United States Attorney for this district or his designee, as well as the United States Attorney General. In addition, he must also serve each named federal defendant by proper means as outlined in the federal rules.[10] As defendants point out, there is no indication in Nadal's filings that he ever attempted to serve the United States Attorney for this district, his assistants, clerical employees, or civil-process clerk.[11] Moreover, the U.S. Attorney's office represents that despite a diligent search, it has found no record of any such service. Since the time to respond for any otherwise properly served defendant does not begin to run until the U.S. Attorney has been served,[12] default judgment is not proper against any of the defendants.

Furthermore, it appears that none of the nine individual defendants were served in accordance with the federal rules. The purported proof of service filed by Nadal shows that he

---

[9]Defendants' Response to Plaintiff's Notice of Intent to File Motion for Default (Defendants' Response), docket no. 11, filed July 16, 2008.

[10]Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii), 4(i)(1)(B), 4(i)(2)-(3).

[11]See Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).

[12]See Fed. R. Civ. P. 12(a)(2)-(3); *Beckman v. Mansfield*, No. 03:06-CV-00689-LRH-RAM, 2008 WL 873382, at *2 (D. Nev. Mar. 27, 2008).

attempted service by three separate mailings by certified mail, return receipt requested, sent by Rene Nadal on April 14, 2008 to (1) the United States Attorney General, (2) the Colorado work address of Defendant ALJ Geraghty (apparently intended to effect service on both the ALJ and his employer, Defendant NTSB, and (3) the Lawndale, California address of an FAA regional office (apparently intended to effect service on Defendant FAA and the eight defendants who are FAA employees).[13] Under the federal rules, service on an individual by mail is only permitted if it would qualify under the state law of the jurisdiction where the district court is located or where service is made.[14] In this case, the laws of Utah[15] (where the case was filed), California[16] (the state where most, but not all, of the FAA defendants were employed), and Colorado[17] (where Defendant ALJ Geraghty's office was located) do not allow service by mail to an individual's work address in the manner attempted by Nadal. Further, the United States Attorney represents that most of the eight FAA employees that Nadal attempted to serve by a group mailing did not even work at the building or location where he attempted to serve them in California.[18]

The U.S. Attorney further notes that Nadal has not filed an affidavit indicating whether any of the defendants are currently serving in the United States armed forces, a requirement that

---

[13] See docket no. 9.

[14] Fed. R. Civ. P. 4(e)(1).

[15] Utah R. Civ. P. 4(d)(1)(A) and 4(d)(2)(A)(service by mail requires that each individual defendant sign a document indicating receipt, which did not occur with any of the defendants in this case).

[16] Calif. Code Civ. P. §§ 415.10, 415.20 (service by mail also requires hand delivery to work office and other requirements; 415.30 (service by mail also requires contemporaneous special notice and acknowledgment forms in duplicate which must be signed and returned).

[17] Colo. R. Civ. P. 4(e)(1) and 4(g)(allowing service by mail only for in rem actions).

[18] Defendants' Response at 4.

must be met before a default judgment could properly be entered against any individually named defendant.[19]  The U.S. Attorney asserts that this is not an idle exercise in formality as he has been informed that at least one of the defendants is on active duty in Iraq.[20]  In fact, Nadal freely admits in his response to Defendants' arguments that at least three of the named defendants are serving in the armed forces.[21]

Finally, the United States Attorney represents that the person who signed for the envelope that Nadal sent to Colorado is unknown to Defendant ALJ Geraghty or other NTSB employees who work at that location.  Defendant ALJ Geraghty was not in his office on the day the envelope arrived.  Moreover, ALJ Geraghty is not authorized to accept service for the NTSB which has its headquarters in Washington D.C.[22]

The United States Attorney suggests that under other circumstances, he might advise the defendants to waive the defects in service as outlined above.  He notes, however, that in this case, there is no good reason to do so.  He states that even if such waiver were provided, it would be futile because it is doubtful that the court could ever assume jurisdiction over Nadal's claims.[23]  First, he notes that there appears to be no basis for personal jurisdiction over the individual defendants since the complaint shows that all acts complained of occurred outside this district,

---

[19] Defendants' Response at 5.  See Servicemembers Civil Relief Act of 2003, § 201(b)(1), Pub. L. 108-189, codified at 50 App. U.S.C.A. § 521(b)(1).

[20] Defendants' Response at 5.

[21] Reply to Defendants' Response to Plaintiff's Notice of Intent to File Motion for Default Judgment (Reply) at 2, docket no. 12, filed July 29, 2008.

[22] Defendants' Response at 5.

[23] Defendants' Response at 5-6.

possibly even before Nadal moved his residence here.  Similarly, venue is improper in this district.[24]  Further, the court lacks subject matter jurisdiction over Nadal's *Bivens* claims because the Aviation Act "provides that the courts of appeal have 'exclusive jurisdiction to affirm, amend, modify or set aside' orders of the NTSB or the FAA."[25]  The U.S. Attorney also points out that Nadal's FTCA claim is barred because "it is inescapably intertwined with the earlier administrative proceedings involving Plaintiff's pilot certificate."[26]  In addition, ALJ Geraghty appears to have absolute judicial immunity for all acts taken in his role as an administrative law judge.[27]  Also, the individual FAA employees who were acting as FAA counsel in administrative adversary proceedings may be entitled to either qualified or absolute immunity as well.[28]  Finally, with regard to Defendants NTSB and FAA, the U.S. Attorney advises (and it is clear from Nadal's complaint and exhibits) that Nadal "has already pursued administrative claims covering the same subject matter of the complaint including the two incidents giving rise to his certificate suspensions without obtaining all the relief he sought."[29]

---

[24]*Id.* at 6.

[25]*Merritt v. Shuttle, Inc.*, 187 F.3d 263, 269-72 (2d Cir. 1999)(holding that the district court did not have jurisdiction over *Bivens* claims against FAA officials)(quoting  49 U.S.C. § 46110(c)).

[26]Defendants' Response at 7.  See *Crist v. Leippe*, 138 F.3d 801,805 n.4 (9th Cir. 1998).

[27]Defendants Response at 7.  See *Butz v. Economou*, 438 U.S. 478, 513-14 (1978)(holding that federal ALJs are entitled to absolute immunity from damages liability).

[28]Defendants' Response at 7.  See *Butz*, 438 U.S. at 515-16 (holding that agency officials performing functions analogous to those of a prosecutor in deciding to initiate or continue administrative proceedings are absolutely immune from damages).

[29]Defendants Response at 7.  See *Nadal v. FAA*, No. 08-9509, 2008 WL 1913593 (10th Cir. Apr. 30, 2008) (dismissing Nadal's petition for review of NTSB order affirming the suspension of his pilot certificate for 2004 incident at Chino, California airport); *Nadal v. FAA*, No. 08-9520, 2008 WL 2390157 (10th Cir. June 13, 2008) (affirming the NTSB's affirmance of the suspension of Nadal's pilot certificate for the 2003 incident at the Los Angeles airport).

**C.  The complaint should be dismissed for failure to properly serve the defendants.**

Under the federal rules "[a] plaintiff must serve a defendant with a summons and a copy of the complaint within 120 days after the filing of the complaint."[30]  If the plaintiff fails to effect service within the prescribed time period,

> the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[31]

Generally, a court has discretion to grant an extension of time for the plaintiff to effect service, even in the absence of a showing of good cause for failure to timely serve the defendants.[32]  In fact, where the plaintiff has tried, but failed, to effect service on an agency or an official sued in an official capacity, the court is required to grant a reasonable time for the purpose of curing the failure if the plaintiff has effected service on either the United States Attorney or the Attorney General.[33]  The Tenth Circuit has stated that the rule "evinces a solicitous attitude toward plaintiffs faced with 'the complex requirements of multiple service' under rule 4(i)."[34]

---

[30]*Sanders v. Southwestern Bell Tel.*, 544 F.3d 1101, 1110 (10th Cir. 2008); Fed. R. Civ. P. 4(m).

[31]Fed. R. Civ. P. 4(m); *Sanders*, 544 F.3d at 1110.

[32]*See Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995).

[33]Fed. R. Civ. P. 4(i)(4)(A); *See Espinoza*, 52 F.3d at 842.  The rule contains a similar provision for individual capacity suits where the plaintiff has failed to serve the United States as required by Rule 4(i)(3), but has served the officer or employee.  See Fed. R. Civ. P. 4(i)(4)(B).

[34]*Espinoza*, 52 F.3d at 842.

The Tenth Circuit has provided guidance on how to proceed under the rule.  First, the court should determine "whether the plaintiff has shown good cause for the failure to timely effect service."[35]  If so, the court must grant an extension of time.  If good cause is not shown, the court "must still consider whether a permissive extension of time may be warranted."[36]

The court, by its March 29, 2008 order, extended the deadline to allow Nadal to properly complete service.  In so doing, the court instructed Nadal "to pay careful attention to the requirements of Rule 4 which contains many procedural complexities."[37]  The court also warned him that failure to serve the defendants by the specified date would result in dismissal of the case.[38]  As discussed above, however, Nadal failed to properly serve the defendants within the specified time period.

It is apparent from Nadal's response to Defendants' arguments, that he still does not understand the requirements of Rule 4.  However, failure to understand the rule does not constitute good cause.[39]  Further Nadal's pro se status does not excuse him from the requirement that he properly serve the defendants.[40]

---

[35]*Espinoza*, 52 F.3d at 841; *accord Sanders*, 544 F.3d at 1111.

[36]*Espinoza*, 52 F.3d at 841; *accord Sanders*, 544 F.3d at 1111.

[37]Docket no. 8, at 2.

[38]*Id.*

[39]*See Jackson v. Schryver Med. Sales & Mktg.*, No. 07-cv-01371-WYD-KMT, 2008 WL 3878023, at *5  (D.Colo. Aug. 20, 2008).

[40]*DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993)("A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4.").

In responding to Defendants' arguments, Nadal has not asked for additional time to perfect service. Rather, he appears to argue that his attempted service should be deemed adequate to satisfy the rule. First, he points out that he served the United States Attorney General. In addition, he asserts that the individually named defendants were properly served under Rule 4(i)(2) which specifies the procedure for serving government agencies and employees sued only in their official capacities. This rule states that the plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." The court notes, however, that Nadal's attempted service is deficient under the rule because he failed to serve the United States Attorney which is a requirement for serving the United States.[41] Further, the rule requires the plaintiff to send a copy of the summons and complaint to the agency and to each employee which Nadal failed to do as discussed above. The court also notes that although Nadal's argument seems to suggest that the individually named defendants are sued only in their official capacities, Nadal's complaint clearly states that the defendants are sued in both their personal and official capacities.[42] Unless Nadal has abandoned his claims against the defendants in their individual capacities, he is also required to comply with Rule (4)(i)(3).

In an apparent effort to show good cause for his failure to timely serve the defendants, Nadal asserts that it is impossible for him to locate each named defendant "since it is a well

---

[41] Fed. R. Civ. P. 4(i)(1)(A).

[42] Complaint at 2, docket no. 1, filed May 22, 2007.

known fact that the government will transfer it [sic] employees around to avoid service."[43] Nadal further states that agents for the FAA and the NTSB could easily have located each defendant and provided them with copies of the complaint. Finally, Nadal argues that he does not believe that the defendants "had no knowledge of this complaint having been served to them."[44] He argues that since the defendant agencies and employees are now clearly aware of the summons and complaint, they should waive service to save taxpayer dollars.[45]

Even given the solicitous attitude that courts are instructed to take toward pro se plaintiffs' attempts to satisfy the requirements of the rule, the court concludes that Nadal's complaint should be dismissed for improper service. First, the court finds that Nadal has not shown good cause for his failure to perfect service. Although a showing that defendants evaded service might establish good cause,[46] Nadal's self-serving assertion that the government transfers its employees around to avoid service is unsupported and is therefore insufficient to demonstrate good cause for the failure to perfect service. In this regard, the court notes that there is no evidence whatsoever that Nadal even attempted to locate the defendants, but was unable to do so. Further, the fact that defendants may have become aware of Nadal's lawsuit, does not constitute good cause.[47]

---

[43]Reply to Defendants' Response to Plaintiff's Notice of Intent to File Motion for Default Judgment (Reply) at 2, docket no. 12, filed July 29, 2008.

[44]*Id.*

[45]*Id.* at 3.

[46]*See Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991).

[47]*Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994)(stating that "actual notice is not equivalent to a showing of good cause").

Although the court could still grant Nadal a permissive extension of time to perfect service, the court finds that such an extension is not warranted, given the apparent futility of Nadal's claims as outlined by the United States Attorney. Nadal's complaint should therefore be dismissed.

## REPORT & RECOMMENDATION

Nadal's motion for a default judgment[48] should be **DENIED**. Further, the complaint should be **DISMISSED** without prejudice under Fed. R. Civ. P. 4(m) for failure to timely serve the defendants.

## NOTICE

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

November 26, 2008.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[48] Docket no. 10, filed July 1, 2008.